1  Mohammed K. Ghods (SBN 144616)
   mghods@ghodslaw.com
2  Jeremy A. Rhyne (SBN 217378)
   jrhyne@ghodslaw.com
3  Sandra J. Vivonia (SBN 175930)
4  svivonia@ghodslaw.com
   GHODS LAW FIRM
5  2100 N. Broadway, Ste. 210
   Santa Ana, CA 92706
6  Telephone: (714) 558-8580
7  Facsimile: (714) 558-8579

8  *Attorneys for Creditors FRANCESCO TIENI and*
   *OCEAN PARK SRL*
9

FILED
DEC 19 2014
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

10              UNITED STATES BANKRUPTCY COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA [LOS ANGELES]

| | |
|---|---|
| In re:<br><br>CAROL BONDANELLI,<br><br>Debtor.<br><br><br>FRANCESCO TIENI, an individual, OCEAN PARK SRL, a foreign corporation;<br><br>Plaintiff,<br><br>v.<br><br>CARLO BONDANELLI, an individual,<br><br>Defendants. | Chapter 7<br><br>Case No. 2:14-bk-27656-WB<br><br><br><br><br>Adversary Proceeding No:<br><br><br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY** |

COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

Plaintiffs Francesco Tieni and Ocean Park SRL ("Plaintiffs"), by and through their attorneys of record, hereby allege as follows:

## PRELIMINARY ALLEGATIONS

1. On September 16, 2014, Debtor Carlo Bondanelli ("Debtor") filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California.

2. This is an adversary proceeding brought by Plaintiffs Francesco Tieni and Ocean Park SRL ("Plaintiffs") pursuant to 11 U.S.C. § 523 (a)(2), (4) and (6) to determine the nondischargeability of debts owing from Defendant Carlo Bondanelli ("Debtor") to Plaintiffs and to except such debt from discharge. This adversary proceeding also is brought pursuant to 11 U.S.C. 727 (a) objecting to the Debtor's discharge of all debt of Debtor in the above-entitled bankruptcy proceedings now pending before this Court.

3. As of the date of this Complaint, the Debtor has not been granted a discharge.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 727.

5. This action is a core proceeding subject to this Court's jurisdiction in accordance with 28 U.S.C. §§ 157 (b)(2)(I) and 157(b)(2)(J).

6. At all times relevant. Plaintiff Francesco Tieni ("Tieni") is an individual residing in the City of Verona, in the Country of Italy.

7. At all times relevant, Plaintiff Ocean Park SRL ("Ocean Park") is a foreign corporation based in Italy, licensed to conduct business in California. Tieni is Ocean Park's majority shareholder.

8. Plaintiffs are informed and believe, and thereon allege that Defendant Carlo Bondanelli ("Debtor") is a real estate developer and individual residing in and conducting business in the City and County of Los Angeles.

## FACTUAL BACKGROUND

9. Prior to Debtor's bankruptcy, Plaintiffs and Debtor became joint venture partners and embarked upon a real estate development project involving two parcels of real property

1

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

located at 1332 and 1336 Ocean Park Blvd. in Santa Monica, California (the "Real Property"), that the parties intended to refurbish (the "Project"). New West TC LLC, a California limited liability company was created by the partners to take ownership of the Real Property, and was and is owned 99% by Ocean Park. Debtor was retained by the joint venture as New West's appointed fiduciary and Debtor did not have any ownership interest in New West until he was provided a 1% ownership interest on February 11, 2011.

10. After the Project languished, Debtor commenced litigation against Plaintiffs on June 26, 2012 (Case No. SC117561). The case was removed by defendants (Tieni and Ocean Park) on September 10, 2012 (Case No. CV-12-07724 GAF). The parties reached a settlement agreement dated August 28, 2013 in which Debtor agreed to pay $800,000 of the proceeds from the sale of the Real Property to Plaintiffs (the "Settlement Agreement"). The agreement expressly contemplated that Plaintiffs would cooperate with Debtor to sell the Real Property and that the proceeds would be distributed $800,000 to Plaintiffs with the remainder of the proceeds going to Debtor.

11. Unbeknownst to Plaintiffs, however, prior to entering into the Settlement Agreement, Debtor had already sold the Real Property without the required authorization from Plaintiffs (the majority owners) and had pocketed the proceeds! Prior to entering into the Settlement Agreement, Debtor represented to Plaintiffs that the Real Property had not yet been sold and Debtor led Plaintiffs to believe that Debtor needed Plaintiffs' authorization and cooperation to achieve the sale of the Real Property. Instead, the truth was that only a few days prior to the parties' Settlement Agreement, Debtor sold the Real Property and received approximately 1.8 Million Dollars in cash from the sale. Plaintiffs are informed and believe that Debtor and his attorney did not want Plaintiffs to know that the Real Property had already been sold so that they could dampen Plaintiffs' expectations regarding the expected sale price of the Real Property such that Plaintiffs would agree to a lower Settlement Agreement amount. As a result of the false representations and intentional concealments made by Debtor and his attorney, Plaintiffs were duped into believing that the amount of the sale was unknown, that it would be sold in the future, and that Debtor would pay Plaintiffs $800,000 within sixty days of the

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

against Debtor and the fraudulent transferees he identified as having received proceeds from the sale of the Real Property in the case styled *Tieni v. Bondanelli et al.*, in Los Angeles Superior Court, Case No. BC 552243 (the "Fraudulent Transfer Action").

18. After Plaintiffs filed the Fraudulent Transfer Action, on or about September 16, 2014, as set forth herein, Debtor filed for Chapter 7 Bankruptcy protection in the United States Bankruptcy Court in the Central District of California, Case No. 2:14-bk-27656 WB.

## FIRST CAUSE OF ACTION

**(False Pretense, False Representations and Fraud Pursuant to 11 U.S.C. § 523(a)(2))**

19. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18 of this Complaint as if set forth fully herein.

20. As set forth herein, Plaintiffs believed the representations of Debtor prior to entering into the Settlement Agreement that the Real Property had not already been sold. Plaintiffs also believed the representations of Debtor, as set forth in the Settlement Agreement, that $800,000 of proceeds of the sale of the Real Property would be provided to Plaintiffs.

21. Plaintiffs are informed, believe and thereon allege that Debtor's representations regarding the sale of the Real Property and providing the proceeds to Plaintiffs were false and intended to mislead Plaintiffs. Debtor sold the property without authorization to do so and concealed this from Plaintiffs.

22. Debtor was aware that the Real Property had already been sold at the time that he represented in the Settlement Agreement that he would work with Plaintiffs for the authorization and cooperation to sell the Real Property. Debtor intentionally concealed this knowledge and intent to transfer the proceeds to insider transferees and also concealed his true intent that he would never pay the settlement funds to Plaintiffs.

23. Plaintiffs are informed and believe and thereon allege that Debtor had no intention of paying the $800,000 proceeds from the sale of the Real Property to Plaintiffs. Only a few months after the Settlement Agreement had been entered into, Debtor filed a document with the Court in USDC, Case No. CV 12-7724 related to the proceeds of the sale of the Real Property showing that over a million and a half dollars were paid to Debtor and/or Debtor's companies

4

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

and/or insiders in an attempt to show that Debtor was unable to comply with the Settlement Agreement because Debtor was no longer in possession of the proceeds of the sale from the Real Property. The truth is that these transferees were insiders, friends, family members, and alter ego companies, controlled by Debtor.

24. Due to the intentional misrepresentations and concealments of the Debtor as alleged above, Plaintiffs were induced to enter into the Settlement Agreement because they reasonably believed that the Real Property had not already been sold, and could not have been sold without proper authorization, and had not been sold for the amount that it had.

25. By reason of the fraud and deceit of Debtor as alleged herein, Plaintiffs have suffered, and will continue to suffer in the future, damages in an amount not yet ascertained, according to proof at the time of trial.

26. By reason of the foregoing, the Debtor is liable for money, property, and services obtained by false pretenses, a false representation, and/or actual fraud, thereby rendering such debt non-dischargeable under 11 U.S.C. § 523 (a)(2).

## SECOND CAUSE OF ACTION

### (Fraud and Defalcation While Acting in a Fiduciary Capacity Pursuant to 11 U.S.C. § 523(a)(4))

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26, inclusive as though set forth fully herein.

28. Plaintiffs and Debtor organized New West TC LLC such that Debtor was its fiduciary agent and real estate developer residing in the United States. Plaintiffs placed trust and confidence in and relied on the Debtor to represent their best interests until Plaintiffs ultimately discovered Debtor's multiple acts committed in breach of his fiduciary duty.

29. Plaintiffs are informed, believe, and thereon allege that Debtor breached his duty by, *inter alia*, selling the Real Property without the authorization and cooperation from Plaintiffs, failing to remit the proceeds from the sale of the Real Property to Plaintiffs and instead fraudulently transferring said proceeds to Debtor and/or Debtor's companies and/or insiders, and otherwise failing to discharge his fiduciary duties in a loyal and honest manner. Even now,

1  Debtor refuses to turn over the money in New West's account to Plaintiffs.

2      30.    As a proximate, direct, ad actual cause of the foregoing fraud and defalcation by the Debtor, Plaintiffs have suffered, and will continue to suffer in the future, damages in an amount not yet ascertained, according to proof at the time of trial.

    31.    By reason of the foregoing, the Debtor is liable for fraud and/or defalcation while acting in the fiduciary capacity, thereby rendering such debt non-dischargeable under 11 U.S.C. § 523(a)(4).

## THIRD CAUSE OF ACTION

### (Willful and Malicious Injury Pursuant to 11 U.S.C. § 523(a)(6))

    32.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 31, inclusive as though set forth fully herein.

    33.    Plaintiffs allege that they had a valid and protectable property interest in the Real Property that is the subject of this action. Although Debtor acted as a fiduciary for Plaintiffs, Debtor had no authority to sell the Real Property at issue herein without the express permission of Plaintiffs.

    34.    Without the express permission or authority of Plaintiffs, Debtor sold the Real Property at issue herein and failed to provide any portion of the proceeds from the sale of the Real Property to Plaintiffs. Instead, Plaintiffs are informed and believe that Debtor fraudulently transferred the proceeds from the sale of the Real Property to Debtor and/or Debtor's companies and/or insiders.

    35.    As a proximate, direct and actual cause of the foregoing willful and malicious injury by the Debtor, Plaintiff have suffered, and will continue to suffer in the future, damages in an amount not yet ascertained, according to proof at the time of trial.

    36.    By reason of the foregoing, the Debtor is liable for willfully and maliciously causing injury to another and/or the property of another, thereby rendering such debt non-dischargeable under 11 U.S.C. § 523 (a)(6).

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

## FOURTH CAUSE OF ACTION

**(Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(3))**

37. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36, inclusive as though set forth fully herein.

38. Plaintiffs are informed and believe and thereon allege that Debtor has sold the Real Property at issue in this case without permission or authority to do so, and without informing Plaintiffs of the sale before negotiation of the Settlement Agreement between Debtor and Plaintiffs, resulting in damage to Plaintiffs. In addition, Debtor has failed to provide the proceeds of the sale of the Real Property to Plaintiffs as required and instead fraudulently transferred the proceeds from the sale to Debtor and/or Debtor's companies and/or insiders, and failed to report the same as assets on his schedules.

39. Debtor has further failed to account to creditors regarding the sale of the Real Property and proceeds from the same, and has falsified and attempted to hide the true nature of the transfers of the sale proceeds Debtor has made to insiders.

40. Plaintiffs are informed and believe and thereon allege that Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained.

41. By virtue of the forgoing, Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

## FIFTH CAUSE OF ACTION

**(Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(4))**

42. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 41, inclusive as though set forth fully herein.

43. Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, presented or used a false claim, and/or gave, offered, received or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, or acting, in that he sold the Real Property at issue in this case without permission or authority to do so, and

1  without informing Plaintiffs of the sale before negotiation of the Settlement Agreement between Debtor and Plaintiffs, resulting in damage to Plaintiffs. In addition, Debtor has failed to provide the proceeds of the sale of the Real Property to Plaintiffs as required and instead fraudulently transferred the proceeds from the sale to Debtor and/or Debtor's companies and/or insiders and failed to report the same as assets on his schedules and misrepresented the same.

44. By virtue of the forgoing, Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4).

WHEREFORE, Plaintiffs pray for the following relief;

1. On the First Cause of Action, for a determination that Debtor Carlo Bondanelli's liability to Plaintiffs is not dischargeable pursuant to 11 U.S.C. § 523(a)(2);

2. On the Second Cause of Action, for a determination that Debtor Carlo Bondanelli's liability to Plaintiffs is not dischargeable pursuant to 11 U.S.C. § 523 (a)(4);

3. On the Third Cause of Action, for a determination that Debtor Carlo Bondanelli's liability to Plaintiffs is not dischargeable pursuant to 11 U.S.C. § 523 (a)(6);

4. On the Fourth Cause of Action, for a determination that Debtor Carlo Bondanelli's liability to all creditors is not dischargeable pursuant to 11 U.S.C. § 727(a)(3);

5. On the Fifth Cause of Action, for a determination that Debtor Carlo Bondanelli's liability to all creditors is not dischargeable pursuant to 11 U.S.C. § 727 (a)(4);

6. For interest, costs and expenses, according to proof at time of trial; and

7. For such other and further relief as the Court may deem just and proper.

DATED: December 19, 2014            GHODS LAW FIRM

By: _____
MOHAMMED K. GHODS
JEREMY A. RHYNE
SANDRA J. VIVONIA
*Attorneys for Plaintiffs*
*FRANCESCO TIENI and*
*OCEAN PARK SRL*

8

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

FORM B104 (08/07)                                                                                      2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Francesco Tieni; Ocean Park SRL | DEFENDANTS<br>Carlo Bondanelli |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ghods Law Firm - Mohammed K. Ghods; Jeremy A. Rhyne<br>2100 N. Broadway, Suite 210, Santa Ana, CA 92706<br>714-558-8580 | **ATTORNEYS** (If Known)<br>John D. Monte<br>15303 Ventura Blvd., 9th Floor<br>Sherman Oaks, CA 91403 |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

RECEIVED DEC 19 2014 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: _____ Deputy Clerk

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Fraud - 11 USC § 323(a)(2), (a)(4); 11 USC § 727 (a)(3), (a)(4)
Willful Injury - 11 USC § 523(a)(6)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[3] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

ORIGINAL

FORM B104 (08/07), page 2            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> Carlo Bondanelli | **BANKRUPTCY CASE NO.** <br> 14-bk-27656-WB |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Los Angeles     **NAME OF JUDGE** <br> Hon. Julia W. Brand |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| *[signature]* ||
| **DATE** <br> 12/18/14 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Jeremy A. Rhyne |

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Ghods Law Firm<br>Mohammed K. Ghods (SBN 144616)<br>mghods@ghodslaw.com<br>Jeremy A. Rhyne (SBN 217378)<br>jrhyne@ghodslaw.com<br>Sandra J. Vivonia (SBN 175930)<br>svivonia@ghodslaw.com<br>2100 N. Broadway, Suite 210<br>Santa Ana, CA 92706<br>T: (714) 558-8580<br>F: (714) 558-8579<br>*Attorney for Plaintiff* | RECEIVED<br>DEC 19 2014<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: SV  Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Carlo Bondanelli<br><br>Debtor(s). | CASE NO.: 14-bk-27656-WB<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| Francesco Tieni; Ocean Park SRL,<br><br>Plaintiff(s)<br>Versus<br>Carlo Bondanelli<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Place:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                   Page 1                       **F 7004-1.SUMMONS.ADV.PROC**

ORIGINAL

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                        KATHLEEN J. CAMPBELL
                                      CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                      By: _____
                                               Deputy Clerk

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
*Date*        *Printed Name*            *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                        Page 3                    F 7004-1.SUMMONS.ADV.PROC